JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Justin Mills | Douglas Bitter, Kyle Shapelow, Anne Arundel County Police Department, Christopher Coulter, Giorgio Isella, Cordish Companies, PPE Casino Resorts & Jane Doe |

**(b)** County of Residence of First Listed Plaintiff     Anne Arundel County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Abraham F. Carpio 3311 Toledo Terrace Suite B-201 Hyattsville MD 2078   (301) 559-8160

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government Plaintiff

☒ 3   Federal Question *(U.S. Government Not a Party)*

☐ 2   U.S. Government Defendant

☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product     Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument |     Liability    ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☒ 320 Assault, Libel &     Pharmaceutical | | ☐ 820 Copyrights | ☐ 450 Commerce |
|     & Enforcement of Judgment |     Slander     Personal Injury | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'     Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted |     Liability    ☐ 368 Asbestos Personal | | |     Corrupt Organizations |
|     Student Loans | ☐ 340 Marine     Injury Product | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
|     (Excludes Veterans) | ☐ 345 Marine Product     Liability | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment |     Liability    **PERSONAL PROPERTY** |     Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
|     of Veteran's Benefits | ☐ 350 Motor Vehicle    ☐ 370 Other Fraud | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) |     Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending |     Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract |     Product Liability    ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal     Property Damage | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| ☐ 196 Franchise |     Injury    ☐ 385 Property Damage |     Leave Act | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury -     Product Liability | ☐ 790 Other Labor Litigation | |     Act |
| |     Medical Malpractice | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** |     Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** | |     or Defendant) |     Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party |     Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment    ☐ 510 Motions to Vacate | |     26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/     Sentence | | |     State Statutes |
| ☐ 245 Tort Product Liability |     Accommodations    ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -    ☐ 535 Death Penalty | **IMMIGRATION** | | |
| |     Employment    **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities -    ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| |     Other    ☐ 550 Civil Rights |     Actions | | |
| | ☐ 448 Education    ☐ 555 Prison Condition | | | |
| |    ☐ 560 Civil Detainee - | | | |
| |     Conditions of | | | |
| |     Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Title 42 1983 Civil Rights tort false imprisonment

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   1,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____ DOCKET NUMBER _____

DATE   02/20/2015

SIGNATURE OF ATTORNEY OF RECORD    *signature*   # 25443

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MARYLAND
### GREENBELT DIVISION

**JUSTIN MILLS,**
**Plaintiff**

vs.                                             **CIVIL ACTION NO: 8:15-cv-495**

**ANNE ARUNDEL COUNTY MARYLAND;**
**OFFICER DOUGLAS BILTER,**
    **ANNE ARUNDEL COUNTY POLICE**
    **(Individually and Officially);**
**OFFICER KYLE SHAPELOW,**
    **ANNE ARUNDEL COUNTY POLICE**
    **(Individually and Officially);**
**ANNE ARUNDEL COUNTY**
    **POLICE DEPARTMENT;**
**CHRISTOPHER COULTER**
    **(Individually and as Agent of co-defendant,**
    **The Cordish Companies, Inc.);**
**GIORGIO ISELLA**
    **(Individually and as Agent of co-defendant,**
    **The Cordish Companies, Inc.);**
**THE CORDISH COMPANIES, INC.**
    **(T/N THE CORDISH COMPANIES);**
**PPE CASINO RESORTS**
    **MARYLAND, LLC (T/N**
    **MARYLAND LIVE! CASINO);**
**AND**
**JANE DOE (An Unknown Person),**
    **STATE'S ATTORNEY FOR**
    **ANNE ARUNDEL COUNTY,**

    **Defendants.**

## COMPLAINT
### Jury Trial Demanded

This civil action arises from the February 21, 2014, unlawful detention, assault

and false imprisonment of plaintiff Justin Mills (hereinafter "Plaintiff" or "Mills") at the

1

Maryland Live! Casino in Anne Arundel County, Maryland, after he initially and lawfully declined to follow casino security guards, and later lawfully declined to show his identification to casino employees.

This action is brought pursuant to the Civil Rights Act, 42 U.S.C. §1983, the United States Constitution, and the laws of the State of Maryland, including the Local Government Tort Claims Act, Md. Code Ann., Cts & Jud. Proc. §5-304(c)(3), the common law of assault, false imprisonment, false light, and other causes of action more fully set forth below.

## JURISDICTION

1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1332, and 1343, and 42 U.S.C. § 1983, and the supplemental jurisdiction of this Court to hear claims arising under state law is invoked pursuant to 28 U.S.C. §1367.  Venue is appropriate in Greenbelt Federal Court under §1391 (b) and §1392.

## PLAINTIFF

2.     The plaintiff, Justin Mills, is an adult citizen, resident of Silver Spring, Maryland, and has sufficient contacts to warrant personal jurisdiction in the State and this Federal Court.

## DEFENDANTS

3.     Defendant Anne Arundel County, Maryland, is a unit of local government in the State of Maryland, with sufficient contacts to warrant personal jurisdiction in this State

— LAW OFFICE OF —
ABRAHAM FERNANDO CARPIO, LLC
3311 Toledo Terrace, Suite B-201
Hyattsville, MD 20782
(301) 613-6321

and this Federal court.

4.      Officers Douglas Bilter and Kyle Shapelow (hereinafter "Bilter" and "Shapelaw") are officers with the Anne Arundel County Police Department with sufficient contacts to warrant personal jurisdiction in this State and this Federal Court. At all times pertinent to this complaint, both were acting in the course and scope of their employment and under the color of State law in Maryland. These officers' actions as set forth in this complaint were negligent, in reckless disregard of the safety and well-being of the plaintiff, who was not engaged in criminal activity; and/or alternatively purposeful and malicious in violation of the Plaintiff's civil rights.

5.      Defendant Maryland Live! Casino, is the trade name of PPE Casino Resorts Maryland, LLC, hereinafter "PPE Casino Resorts" a Maryland limited liability company, and may be served with process by service upon its resident agent CSC – Lawyers Incorporating Service Company, 7 St. Paul Street, Suite 820, Baltimore, MD 21202. At the times set forth in this complaint, PPE Casino Resorts Maryland, LLC (601 E. Pratt Street, 6th Floor, Baltimore, MD 21202) owned and operated the Maryland Live! Casino in Anne Arundel County, Maryland. At various times described in this complaint, PPE Casino Resorts Maryland, LLC through its employees and/or agents including Christopher Coulter, Security Shift Manager; Giorgio Isella, Operations Manager; and other security guards, acted jointly with the other co-defendants to deprive the plaintiff of rights protected by the common law, federal statutes, and federal and state constitutions. In so doing, PPE Casino Resorts acted in conspiracy and jointly with county officials, who acted under color of law, and is jointly and severally liable for the actions of

3

Maryland Live! Casino personnel and other co-conspirators in this case.

6.     Upon affirmations by the Cordish Companies, Inc., defendant Maryland Live! Casino is owned and operated by the Cordish Companies, Inc. (hereinafter "Cordish") a Maryland corporation, and may be served with process by service upon its resident agent RC Ventures, Inc., 6th Floor, 601 East Pratt St., Baltimore, MD 21202.  The Cordish Companies, Inc. operates under the trade name the Cordish Companies and developed the Maryland Live! Casino in Anne Arundel County, Maryland; and is alleged it jointly or individually owned and operated the entity known or trading as the Maryland Live! Casino, at the relevant times set forth in this complaint.  At various times described in this complaint, Cordish thus acted jointly and severally with the other co-defendants to deprive the plaintiff of rights protected by the common law, federal statutes, federal and state constitutions.  In so doing, Cordish acted under color of law and is liable for the actions of the Maryland Live! Casino personnel in this case.

7.     Jane Doe, an unknown person, conspired with and through Anne Colt Leitess, the former State's Attorney for Anne Arundel County, to unduly persuade, influence or direct the State's Attorney for Anne Arundel County to decline criminally prosecuting Christopher Coulter, an employee of the Maryland Live! Casino, for the assault committed upon plaintiff on February 21, 2014.  The failure to prosecute Mr. Coulter as set forth in this complaint is a separate violation of plaintiff's common law, statutory, constitutional and due process rights.

4

— LAW OFFICE OF —
ABRAHAM FERNANDO CARPIO, LLC
3311 Toledo Terrace, Suite B-201
Hyattsville, MD 20782
(301) 613-6321

## FACTUAL ALLEGATIONS

8.      On February 21, 2014, plaintiff Mills was a patron of the Maryland Live! Casino in Anne Arundel County, Maryland.  Plaintiff Mills was a former patron of the casino. On the above date, the casino sent a complimentary limousine to pick up and transport Plaintiff to its establishment to play blackjack.  Plaintiff Mills had been playing blackjack for several hours and had won and lost a couple thousand dollars that evening, when he left the blackjack table for the restroom.  Upon exiting the restroom, plaintiff Mills was intercepted by Mr. Christopher Coulter, and at least two other casino guards.  Plaintiff was told: "come with us", by Defendant Coulter.

9.      Plaintiff ignored Coulter and continued walking toward the exit, but Mr. Coulter stepped in front of him, blocking his egress.  Plaintiff replied that he had done nothing illegal and informed Defendants he wished to leave the casino, including Coulter.

10.     Mr. Coulter, while on the main floor of the casino, replied that Plaintiff Mills needed to walk with them or "we can just take you over there", by force.  Plaintiff stated that he did not believe he was required to go with them, at which point, Mr. Coulter assaulted Plaintiff by grabbing Plaintiff's arm and bending it forcefully behind his back in front of the general casino public, and other employees that jointly escorted Plaintiff. While forcefully continuing to hold Plaintiff's arm in this position, Mr. Coulter, accompanied by other security guards, forcibly removed plaintiff Mills to a room not ordinarily accessible to patrons (hereinafter, "security holding room") and kept Plaintiff Mills therein against his will.

5

11.     In the security holding room, Mr. Coulter demanded that Plaintiff provide identification. Despite again requesting to leave, Plaintiff was told by Defendants that he would not be able to leave without first providing identification. Plaintiff again declined to provide it.

12.     Plaintiff Mills asserted he had a right to refuse to provide Defendants with his identification. (Upon information and belief, the casino was requesting the identification so they could share it with other casinos as part of their collective effort to maximize their gambling advantage by blackballing those who they think are able to count cards and minimize the advantage).

13.     Thereupon, two Anne Arundel County Police officers, Officers Douglas Bilter and Kyle Shapelow, were summoned by Defendant Coulter and his staff to force Plaintiff to produce his identification. Once these police officers arrived and began speaking, Plaintiff, in full compliance with Anne Arundel County Police Directive's *Index Code 307: Video Recording, Photographing & Audio Recording by the Public* (effective date February 26, 2013), began audio recording the conversation.[1]

14.     Officers Douglas Bilter and Kyle Shapelow, while performing their official duties under Color of Law, then illegally held Plaintiff against his will for approximately an additional thirteen minutes, as they questioned Plaintiff, demanded his identification, or threatened Plaintiff with incarceration at the local jail. The main thrust of their

---

[1] This audio recording, played along with the surveillance video, in the security holding room of Plaintiff's encounter with the Anne Arundel County Police Officers is readily available to the public on the Internet. A link to it is found on The Baltimore Sun web page story of October 27, 2014, "Tussle between casinos, card counters claims state as battleground" by Jeff Barker at www.baltimoresun.com/business/bs-bz-card-counting-20141027-story.html.

interrogation was that if Plaintiff did not produce his identification, Plaintiff was going to be arrested and fingerprinted by Anne Arundel County Police and charged with an unknown crime.

15.     Plaintiff stated repeatedly to Defendants Bilter and Shapelow that he wanted to leave the casino and that he had done nothing illegal. In response, he was told by the co-defendants, Bilter and Shapelow that he was suspected of counting cards. Apparently casino employees and the Anne Arundel County Officer believed the Plaintiff was using a card counting strategy and alleged it was not legal in Maryland. Contrary to their claims, however, this sort of strategy is not illegal in the State of Maryland or under federal law.

16.     However, officers Bilter and Shapelow, apparently under the misimpression that card counting is illegal, threatened to arrest Plaintiff unless he produced his identification. Officer Bilter, in full presence of Mr. Coulter, stated to Plaintiff "you can't leave here unless we ID who you are so either you can give them your ID or you can go with us and we can fingerprint you, find out who you are." Officer Bilter, still in the presence of Mr. Coulter, continued that if Plaintiff does not produce his identification, "then I'm going to detain you and I'm going to take you down to the police station where I'm going to fingerprint you."

17.     Plaintiff neither consented to being offensively touched by Mr. Coulter nor did he consent to being held against his will by officers Bilter or Shapelow.

18.     Moreover, Plaintiff was never accused of committing any act that was actually illegal during this detention. The only justification provided by casino employees during

7

the detainment is that "it's a public place and we suspect you're an advantage player so we have the right to tell people you're not welcome here." Confronted also by the officers' threat of arrest and coerced by Coulter's unlawful detention, Plaintiff ultimately turns over his passport to the officers. One of the police officers then handed the passport to casino personnel and the officers permitted the casino agents to make a photocopy of plaintiff's identification.

19.     After providing his identification, the Plaintiff was read and handed an eviction letter by Mr. Coulter on behalf of Maryland Live! Casino. Mr. Coulter explained in the letter that he was the security manager for the casino and apparently reads from a paper to plaintiff, "as a consequence of the actions, your permission to be on the premises of Maryland Live! Casino is hereby revoked." Mr. Coulter continued that plaintiff was, "being asked to leave the property immediately following the eviction process. You also forfeit any and all your winnings and amenities while this eviction remains in effect."

20.     At this point, Plaintiff requested to cash in his chips but he was not permitted to do so, without any legal justification to the contrary. He was told by casino employees that he was not permitted back onto the casino floor and "they" were not permitted to cash in his chips for him. Mr. Coulter continued reading the "eviction" document to plaintiff, and with the cooperation and the continued coercive presence of the police officers, did not permit Plaintiff to leave until he signed the document evidencing that the document was explained to him. Plaintiff later received a letter from Maryland Live! Casino permanently banning him from the casino and thus was never able to cash in his chips himself, personally.

8

21.    The Plaintiff asserts he had a right to decline to show identification to the casino officials, agents and police officers, as he had committed no crime and there was no probable cause or reasonable suspicion to detain or arrest him under state or federal law, or any state or local regulation.

21.    Plaintiff asserts that Anne Arundel County and its Police Department have failed to properly train and supervise its law enforcement officers, and that Maryland Live! Casino (including parent companies) have also failed to properly train and supervise its security personnel.

22.    As a result of the unlawful detention, assault and arrest, as well as the refusal of the casino to give the plaintiff the money he was owed for his chips when he initially requested it, the plaintiff was deprived of his freedom and his property and he suffered actual compensatory and punitive damages. These damages were caused by the direct, negligent and other tortious acts, events and conditions to be further listed in this complaint, of all defendants.

23.    A timely notice of claim has been filed with Maryland pursuant to the provisions of the Maryland Tort Claims Act, COMAR 25.02.03, and with the County pursuant to the provisions of the Local Government Tort Claims Act, Md. Code Ann., Cts & Jud. Proc. §5-304(c)(3).  Plaintiff's claim with the County has been denied.

## COUNT ONE
## CONSTITUTIONAL VIOLATIONS

24.    The Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23 above.  The plaintiff was assaulted and detained (constitutionally seized) without

9

reasonable suspicion or probable cause in violation of the Fourth and Fourteenth Amendments to the United States Constitution and the Maryland Declaration of Rights by state/county law enforcement agents, in conspiracy with private third-parties herein sued. All defendants are jointly and severally liable, including the Maryland Live! Casino and The Cordish Companies, which acted jointly with other defendants in causing the assault and detention of the plaintiff.

25.     At no time on February 21, 2014, did Justin Mills commit any illegal action, nor was he ever charged with violating any laws that evening, to warrant his seizure, assault and continued unlawful detention by Defendants. While the casino has a right to "uninvite" any casino guests and deny entry to uninvited guests, it certainly does not have the right to assault, detain persons for questioning or use force against someone legally present at the casino, or to detain them against their will.

26.     Likewise, officers Bilter and Shapelow did not have the right or legal authority to detain Plaintiff against his will either. Importantly, Plaintiff made clear from the inception of his encounter with casino security, and later with county police officers on February 21, 2014, that he wanted to leave the casino. Plaintiff in no way agreed or consented to the deprivation of his liberty or to the assault against him by any defendant.

## COUNT TWO
## NEGLIGENCE

26.     The Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 above.

27.     All individual defendants breached their duty of care owed to Plaintiff and thus

10

acted negligently in not meeting the reasonable standard of care in their conduct with Plaintiff or during the course of their employment. Defendants Coulter and Isella acted negligently in detaining and using excessive force upon Plaintiff to detain him in a public area without reasonable suspicion or probable cause. Officers Bilter and Shapelow also breached their duty of care to Plaintiff by permitting the unlawful detention of plaintiff under the threat of arrest, and also by continuing to detain Plaintiff without reasonable suspicion or probable cause. These breaches of their duty of care caused Plaintiff harm and damages more fully set forth below.

28.   Maryland Live! Casino also had duty of care to Plaintiff in properly training and supervising their employees, as to how to treat Patrons and as to what kind of gaming is illegal. Counting cards without mechanically assisted devices is not illegal. Thus, Maryland Live! Casino, along with its parent company, and the other co-defendants, breached its duty of care to the Patrons of Casino; merely Plaintiff Mills, by improperly training, hiring, or supervising its security staff.

29.   Similarly, Anne Arundel County Police Department had a duty of care to train and supervise their officers as to when an individual may be detained or constitutionally seized, and as to what constitutes probable cause and what constitutes reasonable suspicion. Anne Arundel County Police Department, along with Anne Arundel County, are both liable for their negligence by failing to properly train, supervise and/or direct their individual employees including Officer Bilter and Shapelow in this case.

30.   Maryland Live! Casino, The Cordish Companies, Anne Arundel County Police Department, and Anne Arundel County's negligence proximately and directly caused

11

Plaintiff Mills mental anguish, physical injury, pecuniary loss and damage to his reputation – all of which are compensable in actual, compensatory, and punitive damages more fully set forth below.

## COUNT THREE
## COMMON LAW ASSAULT

31.     The Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 above.  Defendant Coulter, individually, and Maryland Live! Casino and its parent company are liable for assault upon the Plaintiff as described above.  Defendant Coulter intentionally and forcefully grabbed Plaintiff's arm, twisted it and placed Plaintiff's arm in a hold.  At no time did Plaintiff consent to this intentional and offensive, unlawful and harmful touching.  Furthermore, at no time did Plaintiff pose a threat to Defendant Coulter or to anyone in the casino nor did Plaintiff use force himself to warrant Defendant Coulter grabbing Plaintiff's arm, placing it in a hold behind Plaintiff's back and forcibly taking Plaintiff to the security holding room.  Defendant Coulter's actions were all recorded by the casino's security cameras which have been made public.

32.     Plaintiff suffered injury, both mental and physical as a proximate and direct cause of the assault – and is entitled to actual, compensatory and punitive damages for said claim.

## COUNT FOUR
## FALSE ARREST AND FALSE IMPRISONMENT

32.     The Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 above.  As previously explained, the Plaintiff was unlawfully detained and held against his will, first by employees of the casino and later by the two Anne Arundel County

— LAW OFFICE OF —
ABRAHAM FERNANDO CARPIO, LLC
3311 Toledo Terrace, Suite B-201
Hyattsville, MD 20782
(301) 613-6321

Police officers named as defendants herein.  All defendants are liable, including the Maryland Live! Casino and The Cordish Companies, which acted jointly with other defendants in causing the assault and unlawful detention of the plaintiff.

33.     The Anne Arundel County Police Department, Anne Arundel County, and their individual officers are liable for the false arrest and false imprisonment of Plaintiff caused by their employees.

34.     Plaintiff suffered physical and emotional injury as a direct result of the false arrest, and is thus entitled to actual, compensatory and punitive damages for the same.

## COUNT FIVE
## CONVERSION

33.     The Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 above.

34.     It is alleged that the unreasonable withholding possession from one who has the right to it is considered conversion under Maryland common law.  In this case, the Plaintiff was unlawfully deprived of his U.S. Currency equivalent (money) on February 21, 2014, when he was not permitted to cash in his earned chips at the Maryland Live! Casino. The Plaintiff explicitly asked Defendant Coulter to cash in his chips prior to leaving the casino so that he may get his money.  Defendant Coulter refused the request and Plaintiff was prevented from doing so by the individual defendants named herein in this suit and thus each is individually liable for conversion.

35.     Maryland Live! Casino, The Cordish Companies, Anne Arundel County Police Department and Anne Arundel County are all liable for conversion of Plaintiff's

13

property, individually, jointly due to the actions of their respective employees.

36.     Plaintiff suffered monetary loss and financial loss as a direct result of Defendant's actions, which is compensable in actual, compensatory and punitive damages.

### COUNT FIVE
### FALSE LIGHT

37.     The Plaintiff re-alleges and incorporates by reference paragraphs 1 through 4 above.  Defendant Coulter's assault of Plaintiff on February 21, 2014, took place on the floor of the casino.  By publicly causing Plaintiff to be placed in a hold, and by escorting him from the floor of the casino, in that manner, Defendant Coulter and other security guards employed by Maryland Live! Casino falsely held out Plaintiff to be a criminal or wrongdoer.

38.     Plaintiff had not committed any illegal act, and therefore the actions by the Casino directly and proximately placed Plaintiff in a false light and caused damages to his reputation – compensable in actual, compensatory and punitive damages.

### COUNT SIX
### CIVIL CONSPIRACY

39.     The Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 and state that upon information and belief, Plaintiff alleges that defendant Jane Doe did conspire with and through, the other co-defendant Cordish and PPE Casino to unduly influence Anne Colt Leitess, the former State's Attorney for Anne Arundel County, and unduly persuade, influence or direct the former State's Attorney for Anne Arundel County to refrain from prosecuting Christopher Coulter, an employee of the Maryland

— LAW OFFICE OF —
ABRAHAM FERNANDO CARPIO, LLC
3311 Toledo Terrace, Suite B-201
Hyattsville, MD 20782
(301) 613-6321

Live! Casino for the assault he committed upon plaintiff on the night in question –

bearing in mind that Plaintiff Mills had previously filed criminal charges against Coulter

that were later dismissed by Anne Colt Leittes, personally (this matter is subject of Writ

of Mandamus Action pending in the Anne Arundel Circuit Court as of this writing).

40.     The failure to prosecute Mr. Coulter as set forth in this complaint is alleged to

have been caused by this unknown co-conspirator, and it is also a violation of plaintiff's

statutory, constitutional and due process rights.  As a result of the defendants' conspiracy

and tortious conduct, plaintiff suffered actual and legal damages.

— LAW OFFICE OF —
ABRAHAM FERNANDO CARPIO, LLC
3311 Toledo Terrace, Suite B-201
Hyattsville, MD 20782
(301) 613-6321

# RELIEF SOUGHT

Wherefore, the plaintiff demands a jury trial on all counts, and upon a verdict in his favor, asks that actual and compensatory damages of $500,000.00 be assessed against all Defendants, jointly and severally; as well as punitive damages of $1,000,000.00 be assessed against all Defendants jointly and severally, for those claims for which they are available by law, and that he be awarded costs, attorneys fees, and all other relief to which he is entitled under State and Federal law.

Plaintiff also seeks leave of Court to freely amend this complaint in due course to add co-defendants and expose the name of Jane Doe upon proper cause and justification.

Respectfully Submitted,

By: _____

Abraham Fernando Carpio, Esquire
Prince George's Professional Park
3311 Toledo Terrace
Suite B-201
Hyattsville, MD 20782
(301) 559-8100 (O)
Counsel for Plaintiff

16

— LAW OFFICE OF —
ABRAHAM FERNANDO CARPIO, LLC
3311 Toledo Terrace, Suite B-201
Hyattsville, MD 20782
(301) 613-6321

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2015, I electronically filed the foregoing Plaintiff's Complaint with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Anne Arundel States Attorneys Office
8 Church Circle
Annapolis, MD 21401

Christopher Coulter
7002 Arundel Mills Circle Suite 7777
Hanover, MD 21076

Anne Arundel County Police Headquarters
8495 Veterans Highway
Milelrsville, MD 21108

PPE Casino
Cordish Company

_____
Abraham Fernando Carpio, Esq.

17

— LAW OFFICE OF —
ABRAHAM FERNANDO CARPIO, LLC
3311 Toledo Terrace, Suite B-201
Hyattsville, MD 20782
(301) 613-6321