Hon. Richard D. Bennett, via CMECF
Re: Mills v. PPE Casinor Resorts Maryland, LLC, et al; Case No. 1:15-cv-00495-RDB
Plaintiff's discovery dispute letter.

Dear Judge Bennett:

    The current dispute allegedly concerns spoliation. A spoliation issue would necessarily have to begin with evidence hidden or altered to sway a disputed fact. See Bell v. Rotwein, 535 F. Supp. 2d 137, 145 (D.D.C. 2008). Let this response start at the end of the letter from Mr. Creech where he states, "[A]n employee reported telling Mr. Mills that he could not audio tape the occurrence." Before this can give rise to a spoliation issue, it must be disputed, but Mr. Mills has never denied that he was so told by Maryland Live!. As Mr. Mills explained in an interrogatory, communications began before he started recording, and this is the reason why this would not appear on the recording, and, in fact, was never recorded. Ex. 1, ¶ 10. Mr. Mills was also never questioned on this alleged communication through discovery.

    It is worthy to note that Mr. Creech has had available discovery of all the witnesses to the event. Further, he could simply interview his two clients. He does not present, and no one has alleged anything said concerning Mr. Mills which is not present on the audio while Mr. Mills recorded. With the indication of omitted audio being at a time Mr. Mills was not recording, and the absence of any disputed fact appearing or failing to appear in any audio, the idea that an alteration of any audio recording is relevant in any way is unsupported at all levels.

    Perhaps most important, the alleged suspected omission/deletion, if it had existed, would not be deleted, but trumpeted by Mr. Mills. As mentioned above, Mr. Mills never denied that he was told not to record. Thus, the alleged suspected deletion is not even impeaching. Further, the claim that he was told not to record presents a fact enhancing Mr. Mills' claims, and not something he would seek to alter or hide. Specifically, this shows a level of arrogance and unjustified oppression by the defendants. How is it that Maryland Live! can record the detention of Mr. Mills (Maryland Live! video), while restricting Mr. Mills from the same ability? Doesn't the attempt to restrict Mr. Mills recording show that the defendants wanted to hide their false accusations and illegal detention? The fact that Defendants would attempt to restrict recording by the victim enhances the claims of malice, subterfuge, and recognition of wrongdoing. The instruction to not record is something Plaintiff and his counsel would have coveted if recorded.

    Regarding the forensics, Mr. Mills swore that he provided the complete audio with only silence omitted. Ex. 1. There is nothing curious concerning the original download being in ".wav" format. Mr. Creech states, "The conversion process does not maintain the metadata necessary to determine how the original file was manipulated to create the ".wav" file. This presupposes a need to "manipulate to create the .wav file." The answer is as stated by Mr. Mills. The original data was downloaded as a ".wav" file without manipulation, nor was any necessary. Ex. 2, as highlighted. Also note that Mr. Mills, in response to Mr. Creech's accusations, provided the path on the computer to both the original download and a copy of the original download on the computer provided in response to this Court's directives. Ex.2, as highlighted.

    A goodly part of the presentation by Mr. Creech is truly in error. His conclusions are premised on the files on Mr. Mills' computer being in a ".wav" format, and a corollary

conclusion that the iPhone would not download in such a format. As Mr. Creech mentions, Mr. Mills works in the field. The iPhone default audio is a basic audio recorder recording in an ".m4a" format. However use of ubiquitous enhanced audio recording applications for an iPhone record and export iPhone voice recordings in a more thorough ".wav" format and supplant the default iPhone format. See iPhone audio recording applications Twisted Wave; Audio Memos by Imesart; Hokasui Audio Editor; Transcom iPhone PCM Recorder. Certainly, someone in the business would use such an enhanced application on his phone to the exclusion of the basic iPhone software, and this fact was also provided to Mr. Creech. Ex. 2, as highlighted. The file was never in MP4, or .mov format as Mr. Creech maintains, and the forensic expert is omitting key facts in reaching unsupported conclusions.

    As to the statement by Mr. Creech that there are notations of the three files on the Apple computer, but "those could not be accessed without the external drives," this appears to be some sort of error by Mr. Creech's purported expert. While Mr. Mills has not even opened the files on his computer since return of his computer, their paths and substantial data appear on the computer under the file paths provided to Mr. Creech in the correspondence attached as ex. 2. Simply, they are there and they are accessable.[1]

    Further, in response to this fifth iteration of suspicion by Mr. Creech, Mr. Mills searched both of his external hard drives for ".mov" and ".mp4" files.[2] All the files on both hard drives under these extensions are attached as exhibit 3. The court can note that all such files, save for one, are video or combined audio-video files. The one file labeled Audio.mov was an exported extracted audio portion from a movie saved in .mov format, and unrelated to this matter. Simply, audio files are not saved in these formats.

    It is not difficult to fathom what is occurring here. Mr. Creech's clients have confirmed the events establishing their intentional torts against Mr. Mills, and authenticated the audio during their involvement. Ex. 4, 5 and 6, as highlighted. This is an attempt to create an issue where none exists. Mr. Creech, despite access to all percipient witnesses, cannot point to a single fact which should be on the audio, but is not. The closest he gets is that someone may have said something to Mr. Mills which was not recorded and has never been disputed. There is nothing here.

Very truly yours,

Robert A. Nersesian
*Pro hac vice* Attorney for Plaintiff

---

[1] The files show an origination date predating this dispute by months (but admittedly well after the recording was initially downloaded. The distinction is that the files were moved to their current locations on the computer, which changes the origination date. The files have not been altered in any way, and the file is at the path: <desktop/originalaudio/ fullversion.wav>.

[2] The search terms for Mr. Mills' two external hard drives were .mov and .mp4, as indicated in the upper right of the pages attached as ex. 3. Thus, all of the files with which Mr. Creech is allegedly concerned would be retrieved on these external hard drives, and they are not files related to the audio except for the blended file appearing in the YouTube video.