# EXHIBIT 5

# EXHIBIT 5

UNITED STATES COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LAWRENCE JUSTIN MILLS, | * | |
| Plaintiff, | * | |
| | * | Civil: RDB 15-495 |
| v. | * | Judge: Hon. Bennett |
| | * | |
| MARYLAND LIVE, ET AL, | * | |
| Defendant | * | |

\* \* \*

## PLAINTIFF'S SUPPLEMENTAL RESPONSE TO INTERROGATORIES PROPOUNDED BY DEFENDANT BILTER

The following is provided as an omnibus response to Plaintiff's answers to interrogatories and requests for production of documents served by Douglas Bilter. They supplement and clarify the previously provided answer(s).

**Overall objections:** By the time the interrogatories reach number eight, the total number of interrogatories inclusive of subparts exceeds twenty-five, and therefor, the interrogatories are violative Fed. R. Civ. P. 33(a)(1) in that, in total, the number of interrogatories under the rule exceeds twenty-five. Therefore, the interrogatories are, effectively, a phantom document. This supplement does not waive any objections otherwise made in preceding response(s).

**Interrogatory 1:** State your full name, including all names by which you have been known and dates of use of each, residence and business address, date and place of birth, marital status, and Social Security nimber, and list all other residence addresses at which you have lived during the past ten years giving street numbers, city and state, and dates of residence.

**Response:**

1

**Response:** The interrogatory is burdensome and harassing as asked without limitation requesting a detailed description of everything I did, relevant or not, for a period exceeding forty-eight hours. I understand that you informed my attorney that the answers given at my deposition sufficiently filled in what were perceived by you to be shortcomings to this answer.

**Interrogatory 8:** No change from original.

**Interrogatory 9:** No change from original.

**Interrogatory 10:** If you acquired an audio recording of the occurrence, state with particularity the nature of the audio recording including, without limitation, how you obtained that audio recording, who created that audio recording, the specific device used to capture that recording identified by owner, make, model and serial number, the specific location of the device when the recording was made, how the device was activated to record, whether you were aware of any notification to persons present that they were being recorded, how the device was deactivated from recording or turned off, the identity of the person or persons who maintain custody of this recording including when they obtained custody, whether they altered the recording, and if so, how it was altered, the specifics of any disclosure to other individuals including the identity of that person and when, where and how that disclosure occurred and the current location of that recording.

**Response:** While the original answer largely stands, there are some modifications on further reflection and review of the video and audio. The Caucasian security officer on the Maryland Live! video recording at 2:12:09 may well have recognized there was a recording being made as he was present when I overtly began setting up to audio record

8

events on my iPhone, and I did not hide my actions. If it was not clear from the interrogatory, the broken phone was discarded (actually sold off of Craig's list for cash). As, at that point, I had already saved a copy of the audio on separate hardware, I paid no particular attention to the dates, etc. It was my understanding that the person purchasing the phone would repairing and wiping it in order to resell the same. The device to which the audio was downloaded from the phone was the hard drive on my iMac computer at my home. I provided my attorney with a complete copy, and the copy provided with the responses to the request to produce is, to the best of my knowledge, a complete and exact copy of all the digital audio taken from the phone, and includes all the digital audio of the occurrences captured on the audio recording of the phone at the time, without alteration. For my best estimation as to when audio recording commenced, <u>see</u> video as provided under subpoena at 2:12:09.

While it did not alter the original audio in any manner, the format in which I saved the digital audio was .wav. I generally save all my phone audio in .wav for the reason that the .wav format is the format that I can assure is an uncompressed format thusly maintaining the maximum quality of the recording, to my understanding, of the original audio. The portion saved to .wav format is that portion which was then on my phone as the recording of the events with no deletions or modifications from that then currently saved on the phone.

I also understood this to ask whether I deleted or added any audio information regarding the phone. While I do not believe I did so, as is evident on the audio, there are large swaths of silence where no audio occurred (and I do not believe removing persistent silence constitutes alteration of an audio recording). Reference to the video in comparison

with the audio discloses this absence, and should be apparent. For example, it appears that the audio commenced mere seconds after the Caucasian security officer stops speaking. Thereafter, the video commences with Coulter, at a distance where he is off screen, and we briefly speak to each other before he leaves. The ensuing silence is deleted. Later, there is some conversation with the Caucasian security officer on the recording continuing to the point where he tells me to "be quiet," for a second time with which I comply as is evident on the video. The ensuing silence was deleted, with communication resuming when Bilter states, "What's goin' on man?" Specifically, once in the cab on return to my home, I replayed the audio a number of times. While doing so, on my phone, I deleted persistent silence in order that I could relisten to events that actually transpired, and not the absence of events on the audio recording. Thus, on my return to my home, the silent parts had been deleted. These are evident on the video while no one is talking to me, and I am not talking to anyone.

The audio merged with the video on the YouTube video is the very same digital information appearing on the audio provided as was on my phone when I arrived home, and commences with a convenient part showing the arrival of Bilter and Shapelow.

**Interrogatory 11:** If you acquired a video recording of the occurrence, state with particularity the nature of the video recording including, without limitation, how you obtained that video recording, who created that video recording, the specific device used to capture that recording identified by owner, make, model and serial number, the specific location of the device when the recording was made, how the device was activated to record, whether you were aware of any notification to persons present that they were being recorded, how the device was deactivated from recording or turned off,

of the statement; and attach to your answers a copy of any statement made by this party of any agent, representative or employee of this party.

**Response:** The reports of Mr. Hopp concerning interviews with Bilter and Price are now provided with the responses to request for production of documents. Other than written items drafted by me, provided to my attorneys at their request for purposes of litigation, and possibly writings within their offices for the same purpose, I know of no others.

**Interrogatory 17:** No change from original.

**Interrogatory 18:** No material change from original. *Also see* Answers to Interrogatories propounded by Defendant, Coulter, response # 1.

**Interrogatory 19:** No change from the original.

**Interrogatory 20:** No change from the original.

**Interrogatory 21:** No change from original, and I am in the midst of attending courses in communication technologies, community history, American legal history, and ethical issues in business and society.

**Interrogatory 22:** No change from original.

**Interrogatory 23:** No change from original.

**Interrogatory 24:** No change from original.

**Interrogatioy 25:** No change from original.

## OATH AND AFFIRMATION

I, Lawrence Justin Mills, DO SOLEMNLY DECLARE AND AFFIRM, under penalty of perjury, that the forgoing information in the Answers to Interrogatories is true

and correct to the best of my knowledge, information, and belief.

Dated this 20th day of February, 2017.

_Justin Mills_
Lawrence Justin Mills

Dated this 21st day of February, 2017.

Carpio Law Firm

R. Nersesian w/permission

_A F Carpio_
Abraham Fernando Carpio
Prince George's Professional Park
3311 Toledo Terrace, Suite B201
Hyattsville, MD 20782
(301) 559-8100

Nersesian & Sankiewicz

_[signature]_
Robert A. Nersesian
528 S. 8th St.
Las Vegas, NV 89101
(702) 385-5454
vegaslegal@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing PLAINTIFF'S ANSWERS TO DEFEDANT CHRISTOPHER COULTER'S INTERROGATORIES was

///

///

///

///

15