# EXHIBIT 8

EXHIBIT 8

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JUSTIN MILLS | * | |
| Plaintiff | * | |
| v. | * | Civil No. RDB 15-495 |
| ANNE ARUNDEL COUNTY, MARYLAND, *et al.* | * | |
| | * | |
| Defendants | | |

\* \* \* \* \* \* \*

## DEFENDANT'S ANSWERS TO INTERROGATORIES TO DEFENDANT KYLE SHAPELOW

TO: Justin Mills, Plaintiff
c/o Abraham Fernando Carpio, Esquire
*Attorney for Plaintiff*

FROM: Kyle Shapelow, Defendant

Defendant Kyle Shapelow, by counsel, Jay H. Creech, Senior Assistant County Attorney, answers the interrogatories propounded by Plaintiff and says as follows:

## GENERAL OBJECTIONS

(a) The information supplied in these answers is not based solely upon the knowledge of the executing party, but includes knowledge of the party's agents, representatives and attorneys, unless privileged.

(b) The word usage and sentence structure is that of the attorney who, in fact, prepared these answers and the language does not purport to be the exact language of the executing party.

(c) Defendant generally objects to these Interrogatories to the extent that the Plaintiff seeks information that is not discoverable under the Maryland Rules.

{00197002.DOCX; 1}

(d) Defendant assumes that Plaintiff is not seeking to obtain information protected by the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection or restriction. To the extent that the Plaintiff seeks information protected by such privileges, Defendant asserts such privileges to its fullest extent and, accordingly, will not provide such information.

(e) Defendant generally objects to any Interrogatories that seek "all" information which may be related to a specific issue, as being unduly burdensome, overly extensive and not generally within the practical capabilities of the Defendant.

(f) Defendant generally objects to any Interrogatories that improperly combine multiple questions, requests or subparts in violation of the Maryland Rules.

(g) In the interest of complying with the Maryland Rules, Defendant will respond specifically to each Interrogatory. However, by doing so, Defendant does not waive the applicability of these General Objections, or the specific objections as noted in an answer to any particular Interrogatory. Defendant reserves the right to assert any objection noted herein notwithstanding the fact that an Answer is provided below.

(h) Defendant hereby explicitly incorporates the foregoing objections into each and every one of the following answers to the Plaintiff's Interrogatories.

**INTERROGATORY NO. 1**: By whom were you employed on February 21, 2014, and in what capacity (job title and general description of duties)?

**ANSWER NO. 1**: Defendant was an off-duty Anne Arundel County police officer working secondary employment for the Maryland Live! Casino. His role working at the Maryland Live! Casino was to provide security for the facility.

**INTERROGATORY NO. 2**: Does the video appear to accurately portray actions taken by you whenever you appear on the video?

**ANSWER NO. 2**: To the best of Defendant's recollection, the video appears to be an accurate reflection of what occurred for the limited period Defendant was in the secured hallway area of the facility.

**INTERROGATORY NO. 3**: Where there is audio accompanying the video, do the words you appear to state accurately portray words said by you when it appears you are speaking on the video?

**ANSWER NO. 3**: To the extent that the audio was recorded in violation of the Maryland Wiretap Act, §10-401 *et seq.* of the Courts and Judicial Proceedings Article of the Maryland Code, the Defendant objects to any use of the recording as it is specifically prohibited by §10-405(a). The Defendant also objects because the audio was altered by having portions of the recording being edited and it was combined with a video that didn't have an original audio track. Further, it contains portions that are inaudible and other sections subject to certain interpretation of the actual words being used. Lastly, the interrogatory is unclear of what is meant by "accurately portray words". Without waiving the objections, the Defendant cannot recall the specific language used and, thus, he cannot state that the audio "accurately portray" the words that are being used at any particular point of time for the limited period Defendant was in the secured hallway area of the facility.

**INTERROGATORY NO. 4**: If you answered no to either interrogatory 2 or 3 above, state with particularity the nature of any inaccuracies which support your answer that the portrayal is inaccurate.

**ANSWER NO. 4**: See response to interrogatory numbers two and three.

**INTERROGATORY NO. 5**: With reference to the video and your first appearance thereon at approximately 2:14:29 on the clock, what is your closest approximation of the time when you first found out about the prospective or actual appearance of Justin Mills in the area nominated "Hallway" in the video?

**ANSWER NO. 5**: The Defendant has no recollection of the precise time of day that the incident occurred and cannot state that the time recorded on the clock was accurate. However, he does recall that he was notified to respond to the secured hallway area of the facility less than five minutes before he arrived at that area.

**INTERROGATORY NO. 6**: Who contacted you with respect to Plaintiff, Mr. Mills, being detained in or being in the area nominated "Hallway" in the video?

**ANSWER NO. 6**: The Defendant is unsure who initially contacted him to respond to the secured hallway area of the facility.

**INTERROGATORY NO. 7**: Describe as particularly, as best you can recall, the actual conversations or substance of the conversations or communications you held with anyone concerning Plaintiff, Mr. Mills, at any time on February 21, 2014, between 2:00 a.m. and 2:14:30 a.m., and between 2:27 a.m. and 5:00 a.m.

**ANSWER NO. 7**: The Defendant has no recollection of the precise time of day that the incident occurred and cannot state with any precision the conversations or substance of the conversations concerning Mr. Mills at the times stated. The Defendant can state that before he entered the secured hallway area of the facility he was advised that an individual had been escorted to that area because that person was accused of card counting, that card counting was in violation of the gaming laws and that Maryland Live! Casino employees needed to identify the individual so that he could be given a letter banning him from the facility. The Defendant recalls no specific conversations concerning Mr. Mills after leaving the secured hallway area.

**INTERROGATORY NO. 8**: For each element responded to in the preceding interrogatory, identify each person with whom you had the conversation, or who was making or receiving the communication, and to which portions of the preceding response that person related.

**ANSWER NO. 8**: The Defendant was involved in a conversation with Giorgio Isella who indicated that Mr. Mills was accused of card counting and that it was a violation of the

gaming laws. Either Mr. Isella or other individuals stated that the Maryland Live! Casino employees needed to identify the individual so that he could be given a letter banning him from the facility. Other than Officer Bilter being present and involved in the conversation, the Defendant cannot identify any other individuals who may have been involved or the content of that communication.

**INTERROGATORY NO. 9**: State verbatim, or as best as you can, everything you wrote in the notepad you were carrying on the "

**ANSWER NO. 9**: The Defendant would object that the interrogatory is unclear. Without waiving this objection, and assuming that it is intended to reflect the notepad that was in the Defendant's possession on February 21, 2014, the Defendant would state that he took notes so that later the information could be shared with other individuals or used in a report as necessary. The Defendant cannot provide a verbatim recitation of what was contained in the notepad on February 21, 2014.

**INTERROGATORY NO. 10**: Did you state to the Plaintiff, "We're not accusing you of any wrongdoing.", and if you so stated, were you telling the truth when you made the statement?

**ANSWER NO. 10**: To the extent that the audio was recorded in violation of the Maryland Wiretap Act, §10-401 *et seq.* of the Courts and Judicial Proceedings Article of the Maryland Code, the Defendant objects to any use of the recording as it is specifically prohibited by §10-405(a). The Defendant also objects because the audio was altered by having portions of the recording being edited and it was combined with a video that didn't have an original audio track. Further, it contains portions that are inaudible and other sections subject to certain interpretation of the actual words being used. Without waiving this objection, the Defendant may have stated the quoted text. The Defendant had not concluded at that time whether a crime was committed by Mr. Mills and, as such, the statement was truthful.

**INTERROGATORY NO. 11**: Were you familiar with card counting at any level before you spoke with the Plaintiff, and if so, what was the depth of your familiarity (e.g., had you seen any of the movies "Rain Man," "21," or "The Hangover?" at that time; had you read any books involving card counting; had you received any training discussing card counting; had you received any training concerning cheating at casino games; or did you, yourself, have any past experience concerning card counting?

**ANSWER NO. 11**: The Defendant was not familiar with card counting other than perhaps reading an article or seeing a depiction in television or film.

**INTERROGATORY NO. 12**: What was the scope of the reasons you were given, or assumed, for the Plaintiff's presence where he was located when you first encountered Plaintiff in the area nominated "Hallway" in the video?

**ANSWER NO. 12**: See answers to interrogatory numbers seven and eight.

**INTERROGATORY NO. 13**: Did you believe that Maryland Live! Casino or its personnel had conducted a citizen's arrest of the Plaintiff when you first encountered Plaintiff as seen on the video, and if so, what was the crime or crimes for which you understood Plaintiff had been arrested?

**ANSWER NO. 13**: The Defendant made no such assumption.

**INTERROGATORY NO. 14**: State with particularity all policies, practices, or procedures of your employer which you understood you were violating in your interaction with the Plaintiff at the time of your interaction with Plaintiff.

**ANSWER NO. 14**: None.

**INTERROGATORY NO. 15**: State with particularity all policies, practices, or procedures of your employer which you now understand you were violating in your interactions with the Plaintiff on February 21, 2014.

**ANSWER NO. 15**: None.

**INTERROGATORY NO. 16**: In the video at 2:14:45 there are nine people visible in the hallway where you are addressing the Plaintiff. In accord with the instructions referenced above, to the best of your ability identify each of these persons visible on the video, beginning with the individual standing at the doorway into the hallway at the back of the view, and moving, in order, towards the forefront of the video.

**ANSWER NO. 16**: The Defendant has no recollection of the precise time of day that the incident occurred and cannot state that the time recorded on the clock was accurate. The

Defendant only knew or has learned that the identities of the following individuals in the secured hallway area of the facility: Officer Bilter, Christopher Coulter and Mr. Isella.

**INTERROGATORY NO. 17**: State your historic positions held and training in security or police procedures, identify all employers, with dates, you have had in a security or police capacity, and identify all entities and individuals who provided training to you in security or police procedures.

**ANSWER NO. 17**: The Defendant began his training with the Anne Arundel County Police Department in October 2012 and became an officer in May 2013.

**INTERROGATORY NO. 18**: List every specific and articulable fact known to you which would support a conclusion that criminal activity may be afoot concerning Plaintiff as a perpetrator at the time [approx.. 2:15:30 a.m., 2/21/14] Plaintiff was told, "You can't leave here unless we 1.D. who you are."

**ANSWER NO. 18**: The Defendant would object to the extent that the interrogatory calls for a legal conclusion and to the extent that the term "criminal activity may be afoot" is unclear. Without waiving this objection, the Defendant would refer to answers to interrogatory numbers seven and eight.

**INTERROGATORY NO. 19**: Have you previously assisted Maryland Live! Casino, or any other Maryland gaming licensee, in gaining the identity of individuals detained allegedly for the sole purpose of effectuating a trespass warning. If so, identify the individuals who were subjected to detention to the best of your recollection, and the date of the detention to the best of your recollection, and the gaming licensee involved.

**ANSWER NO. 19**: The Defendant does not recall requesting the identification of any individuals "detained allegedly for the sole purpose of effectuating a trespass warning. . ." at any point in time. However, prior to February 21, 2014, the Defendant requested and obtained from individuals their identification so that Maryland Live! Casino could issue banning letters. Since no individuals "were subjected to detention" the remainder of the interrogatory is not applicable.

I solemnly affirm under the penalties of perjury that the contents of the forgoing paper are true to the best of my knowledge, information, and belief.

_____
Kyle Shapelow

Respectfully submitted,

NANCY McCUTCHAN DUDEN
County Attorney

_____
Jay H. Creech
Senior Assistant County Attorney
Anne Arundel County Office of Law
2660 Riva Road, 4th Floor
Annapolis, Maryland 21401
(410) 222-7888
Bar Number 00839
*Attorney for Defendant Shapelow*

I HEREBY CERTIFY that on this 15th day of February, 2017, a copy of the foregoing was sent by United States Postal Service, postage pre-paid, to:

Abraham Fernando Carpio
Carpio Law Firm LLC
3311 Toledo Terrace, Suite B-201
Hyattsville, Maryland 20782

Robert Nersesian
Nersesian & Sankiewicz
528 South 8th Street
Las Vegas, NV 89101
*Attorneys for Plaintiff*

Michelle J. Marzullo
Patricia H. Beall
Marks, ONeill, O'Brien, Dougherty & Kelly, P.C.
600 Baltimore Ave, Suite 305
Towson, Maryland 21204
*Attorneys for Defendants PPE Casino Resorts Maryland, LLC, d/b/a Maryland Live! Casino and Coulter*

Jay H. Creech