IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JUSTIN MILLS.** <br><br> Plaintiff <br><br> v. <br><br> **PPE CASINO RESORTS MARYLAND, LLC,** *et al.*, <br><br> Defendants | **CASE NO.: RDB-15-0495** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS PPE CASINO RESORTS MARYLAND, LLC AND CHRISTOPHER COULTER'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO STRIKE DEFENDANTS' EXPERTS**

Defendants PPE Casino Resorts Maryland, LLC ("PPE") and Christopher Coulter ("Coulter") submit this Memorandum of Law in support of their opposition to Plaintiff's Motion in Limine to Strike Defendants' Experts.

## I.  INTRODUCTION

Defendants PPE and Coulter designated Michael Hodge, CPP, J.D. as an expert in private security. Mr. Hodge is a Certified Protection Professional who is board certified in Security Management, with extensive experience in the private security industry. Exhibit 1, Curriculum Vitae of Michael Hodge, CPP, J.D. It is his opinion that Defendants PPE and Coulter: 1) did not breach the standard of care owed to Plaintiff Justin Mills; 2) used reasonable force in evicting Plaintiff from the Maryland Live! Casino; 3) respected Plaintiff's civil rights; and 4) did not conspire with Defendants Bilter and Shapelow to violate Plaintiff's civil rights. Exhibit 2, Report of Michael Hodge, December 26, 2016, pg. 5.

Plaintiff, in his Motion in Limine, argues that the Court should strike Mr. Hodge because his opinions are unreliable and they invade the exclusive province of the jury. For the reasons set forth below, Plaintiff's Motion should be denied.

## II.     ARGUMENT

### A.     Mr. Hodge's opinions are reliable.

In reviewing the reliability of an expert's opinion, the Court must determine whether it is supported by "adequate validation to render it trustworthy." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 260 (4th Cir. 1999). In making this determination, "the court has broad latitude to consider whatever factors bearing on validity that the court finds to be useful; the particular factors will depend upon the unique circumstances of the expert testimony involved." *Id*. at 261 (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150-51, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999)). "Generally, the test for exclusion is a strict one, and the purported expert must have neither satisfactory knowledge, skill, experience, training nor education on the issue for which the opinion is proffered." *Thomas J. Kline, Inc. v. Lorillard, Inc*., 878 F.2d 791, 799 (4th Cir. 1989). "Because our general preference is to admit evidence that will aid the trier of fact, the expert need only have 'sufficient specialized knowledge to assist jurors in deciding the particular issues in the case.'" *RG Steel Sparrows Point, LLC v. Kinder Morgan Bulk Terminals, Inc.*, 609 F. App'x 731, 738 (4th Cir. 2015) (quoting *Belk, Inc. v. Meyer Corp., U.S*., 679 F.3d 146, 162 (4th Cir. 2012)).

Plaintiff does not contend that Mr. Hodge lacks the requisite knowledge, skill, experience, or training to be qualified as an expert. There is no question that Mr. Hodge has sufficient experience and knowledge of the security industry to qualify him as an expert on this subject matter. See Exhibit 1. Plaintiff does, however, contend that Mr. Hodge's report and its

"underlying opinions are self-serving conclusions divorced from reason or meaningful analysis, and due to the internal unreliability and errors within his report, nothing concerning Hodge could legitimately assist the trier of fact in evaluating the claims and defenses of the respective parties." Plaintiff's Motion in Limine, pg. 4. This statement is made without the benefit of flushing out all of Mr. Hodge's opinions during a deposition, an option Plaintiff certainly had and failed to utilize during the discovery period. Also, this blanket statement by Plaintiff appears to be based primarily on one statement of law by Mr. Hodge in his report.

  *i. Plaintiff's status while in the casino*

  In particular, Plaintiff harps on the fact that Mr. Hodge's report stated that the duty owed to a business invitee (to use reasonable and ordinary care to keep the premises safe) is revocable by the owner of the premises. While this may be a misstatement of Maryland law, it has no bearing on Mr. Hodge's ultimate opinion as a private security expert, nor does it render all of his opinions unreliable. Plaintiff cites *Wagner v. Doehring,* 553 A.2d 684, 686 (Md. 1989) for the proposition that, in order for someone to be considered a "trespasser," they must have entered the property intentionally and without consent or privilege. Mr. Hodge's report specifically states that Plaintiff was an invitee, and Defendants do not argue otherwise. Even after Plaintiff was told he would be evicted, he was still an invitee. However, according to Mr. Hodge's report, an invitee can be escorted or evicted from the premises, as long as it is done with reasonable care. Therefore, whether Plaintiff was an invitee or a trespasser is not material to Mr. Hodge's opinions as to this issue.

  Mr. Hodge states that "[u]pon an eviction by security staff, to comply within the standards of care within the security industry, it must be done with reasonable care under the circumstances." <u>Exhibit</u> 2, pg. 3. He goes on to conclude that, after reviewing the video of the

incident, the escort was reasonable and the Defendants did not breach its duty of care to the Plaintiff. This opinion is certainly supported by adequate validation in the sense that Mr. Hodge has reviewed the surveillance video of the escort and used his experience in the security industry to conclude that it was done with reasonable care.

   *ii. Lack of Offensive Contact in Surveillance Video*

Plaintiff further argues that Mr. Hodge's opinion is unreliable because, in his report, he states that "[t]here are no facts in this case to support that Security in this matter inflicted offensive contact upon Mr. Mills at any time." Exhibit 2, pg. 4. Mr. Hodge states that "the slight contact made to Mr. Mills by security staff was reasonable under the circumstances and was not done in a manner to offend Mr. Mill's [sic] sense of dignity." *Id.* Despite Plaintiff's allegations that Coulter put Plaintiff in a "hammerlock" hold, Mr. Hodge notes that "the video footage does not indicate Mr. Mills [sic] arm being violently and/or physically thrust behind his back." *Id.* Instead, Coulter placed his hand under Plaintiff's armpit and guided him off of the casino floor. Mr. Hodge states that this maneuver is commonly done in the security industry.

Plaintiff, in an effort to "disprove" Mr. Hodge's account of the incident, attached several screenshots taken from the surveillance video at the 2:08:50-2:08:55 mark. Plaintiff states that these photographs show Coulter grabbing Plaintiff's wrist and twisting it behind his back. From these screenshots, it is not clear at all that Coulter grabbed Plaintiff's left wrist. However, a further review of the video does show Coulter place his hand on Plaintiff's left wrist at the 2:08:55 mark and appear to put it behind Plaintiff's back. What Plaintiff has conveniently left out of these screenshots is the fact that not even two seconds later, at the 2:08:57 mark, Coulter is no longer touching Plaintiff's wrist at all, as his only contact with Plaintiff was under his arm-pit. Exhibit 3, Screenshot of Video at 2:08:57. Plaintiff makes the argument that because Mr. Hodge

does not agree that this was "direct evidence of a harmful or offensive contact" then his opinions are "not reliable in any sense of the word" and must be excluded. Plaintiff's Motion, pg. 11. Mr. Hodge did not review screenshots of the video and note what happened frame by frame. Instead, he reviewed the video footage in real time and conveyed his opinions in his report. The fact that he did not acknowledge that Coulter touched Plaintiff's wrist and initially put it behind his back for less than two seconds does not rise to the level of a "patently false statement" that Plaintiff accuses him of making, and, therefore, Plaintiff's allegation that this omission renders Mr. Hodge's entire opinion unreliable is without merit.

### iii. Opinions regarding length of alleged detention

Plaintiff further alleges that Mr. Hodge's opinions are not reliable because he stated that there are no facts to support Plaintiff's contention that he was held for an unreasonable amount of time, or that he was told that he was not free to leave. Plaintiff attempts to attack Mr. Hodge's reliability by adding facts that do not exist. In particular, Plaintiff states that "through the seizure, [Plaintiff] was told that he 'wasn't free to leave.'" Plaintiff's Motion, pg. 12. This is simply not supported by the evidence as produced in this case. Just as Mr. Hodge has stated in his report, there is absolutely no evidence that Coulter or anyone from the casino security staff specifically told the Plaintiff that he was not free to leave. Exhibit 2, pg. 3.

Furthermore, Plaintiff was never handcuffed or threatened in any way by Coulter or the casino security staff. In fact, as noted in Mr. Hodge's report, it could be argued that it was the Plaintiff who in fact prolonged the length of time he was held in an effort to try to build a civil case against the casino. Exhibit 2, pg. 4. Several times throughout the audio recording, the Plaintiff made it clear that he intended to file a lawsuit against Maryland Live! Casino. Additionally, Mr. Hodge's opinion as to whether the Plaintiff was held for a reasonable amount

of time or not could have been addressed at his deposition and can now be addressed through cross-examination; this opinion would ultimately be up to a jury to decide.

    *iv. Lack of Factual Support for Conspiracy*

Plaintiff also alleges that Mr. Hodge's opinion that there are no facts to support Plaintiff's conspiracy allegations is unreliable. Once again, the evidence simply does not exist which would show that the Police Defendants and Casino Defendants conspired with each other or worked together to violate Plaintiff's constitutional rights. To meet the weighty burden required to establish a civil rights conspiracy, there must be enough "specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). Therefore, it is perfectly reasonable for Mr. Hodge to conclude that, in his opinion, there was no conspiracy established between the Police Defendants and Casino Defendants to violate Plaintiff's civil rights, and Plaintiff's argument that Mr. Hodge's opinion is unreliable should not be accepted.

Plaintiff further criticizes Mr. Hodge's contention that Maryland Live! Casino's request for assistance "from the Anne Arundel police is a reasonable security measure recognized and implemented by the private security industry and does not assume any agreement by Security Staff and Police to violate the rights of any citizen using the Casino." Exhibit 2, pg. 5. Plaintiff argues that there was no basis for casino security to call for police help because he was not accused of any violations of Maryland law. This argument ignores the fact that the officers involved were working secondary employment at the time of this incident. Specifically, Officer Bilter described working secondary employment as a security officer for Maryland Live! Casino as well as other security positions for private companies such as Best Buy and Homestead Gardens. Exhibit 4, Depo. of Douglas Bilter, 100:10-102:1.

*v. Hodge's alleged lack of knowledge regarding Maryland Kidnapping Statute*

Plaintiff further states that "the ultimate failure in Hodge's 'legal' analysis" is that he ignores "the applicable statutory and case law standards of care" and cites Md. Code Ann., Crim. Law § 3-502, which provides: "A person may not, by force or fraud, carry or cause a person to be carried in or outside the State with the intent to have the person carried or concealed in or outside the State." Plaintiff's citation to the Maryland kidnapping statute has no relevance whatsoever to the facts of this case, and is yet another extreme statement. Following Plaintiff's logic would lead to the absurd conclusion that any security guard who had to physically remove a patron from an establishment, for whatever reason, would be guilty of kidnapping. Plaintiff's rendition of the applicable standard of care in this case is not accurate, and his criticisms of Mr. Hodge's report for failing to apply the Maryland kidnapping statute to the facts at hand are without merit.

Therefore, Mr. Hodge should be admitted as an expert as there is certainly adequate validation to render his opinions trustworthy, and the admissibility requirements have been established by a preponderance of the evidence.

**B.     Mr. Hodge's opinions will not invade the exclusive province of the jury.**

Plaintiff argues that Mr. Hodge's opinions will not be helpful to the jury and that they will essentially circumvent the jury's function of applying the applicable law to the facts presented. While it is true that certain aspects of this case will call for the jurors to use their own common knowledge, Mr. Hodge's vast experience and training in the management and implementation of private security will certainly be helpful with respect to industry standards and common practices. If Plaintiff disagreed with Mr. Hodge's conclusions as they are described in his report, Plaintiff was certainly free to take his deposition during the discovery period, and

he failed to do so. Now that discovery has closed, Plaintiff continues to have the possibility to cross-examine Mr. Hodge in front of the jury and attack any potential flaws in his analysis.

## III.     CONCLUSION

For the reasons set forth above, Defendants PPE and Coulter respectfully requests that this Court deny Plaintiff's Motion in Limine to strike Michael Hodge as an expert in this case.

Respectfully submitted,

**MARKS, O'NEILL, O'BRIEN,
    DOHERTY & KELLY, P.C**

By: ____/s/ Patricia H. Beall_____
Michelle J. Marzullo #26562
Patricia H. Beall #29593
600 Baltimore Avenue, #305
Towson, Maryland  21204
(410) 339-6880
*Attorneys for Defendan Christopher Coulter
and Defendant PPE Casino Resorts
Maryland, LLC*