# NERSESIAN & SANKIEWICZ

ATTORNEYS AND COUNSELORS
528 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101

ROBERT A. NERSESIAN[1]
THEA MARIE SANKIEWICZ[1]

PHONE: (702) 385-5454
FAX: (702) 385-7667
E-MAIL: VegasLegal@AOL.COM

---
[1]LICENSED IN NEVADA AND MICHIGAN

July 7, 2017

Hon. Richard D. Bennett
(Via Regular Mail and ECF)
101 W. Lombard St.
Baltimore, Maryland 21201

Re: *Mills v. PPE Casino Resorts Maryland, LLC, et al;* RDB 15-495

Dear Judge Bennett:

    This morning I received a copy of a letter sent to you by the attorney for Defendants Bilter and Shapelow citing to *Safar v. Tingle*, 2017 U.S. App. LEXIS 10114, 859 F.3d 241 (4th Cir. 2017). It thusly appears to be a supplemental brief. This letter provides a brief response.

    First, the *Safer* decision does not apply to this case. The decision highlights that it addresses an officer's inaction, rather than the officer's action, "which is standard Forth Amendment fare . . . ." *Id* at *8. The current matter being an alleged unconstitutional seizure by the police defendants sued presents ordinary Fourth Amendment fare. The basis of *Safar* is the lack of clearly established law foreclosing the defendant's "inaction." *Safer* has no bearing on the issues before the court.

    Secondly, clearly established law bars a seizure for the sole purpose of obtaining ID as unconstitutional. *Brown v. Texas*, 443 U.S. 47 (1979). In *Brown*, the Supreme Court found an unconstitutional seizure noting, "When the officers detained appellant for the purpose of requiring him to identify himself, they performed a seizure of his person subject to the requirements of the Fourth Amendment. . . . Officer Venegas acknowledged that the only reason he stopped appellant was to ascertain his identity."). *Id* at 50, 52. For a second reason, *Safer* has no application.

    Finally, if there is an opportunity for supplemental briefing, a great deal of time was devoted to card counting with electronic devices at the hearing. In correction of my then agreement with the discussions concerning criminality of device use, COMAR 36.05.03.13 is not a card counting regulation, but a regulation applying to all table games. More importantly, as a regulation and by its terms, COMAR 36.05.03.13 merely prohibits and does not criminalize the use of electronic or mechanical devices in playing table games. It clearly relegates any criminality to other laws which might apply, of which there do not appear to be any. I.e., even under COMAR 36.05.03.13, contrary to the discussions, there could be no crime.

    Thank you for your attention.

Nersesian & Sankiewicz        Carpio Law Firm, LLC


/S/                               /S/
Robert A. Nersesian        Abraham F. Carpio (w/permission)

cc: Parties via ECF